**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| James Mecha, *Plaintiff*, | ) | No. 26 C 6322 |
| v. | ) | |
| Janice Gryfakis, *Defendant*. | ) | Chief Judge Virginia M. Kendall |

## OPINION & ORDER

Plaintiff James Mecha filed this five-count lawsuit against Defendant Janice Gryfakis, alleging that Gryfakis made defamatory statements that harmed Mecha both personally and professionally. Gryfakis moves to dismiss, asserting that the Court lacks subject matter jurisdiction and personal jurisdiction, that venue is improper, and that Mecha fails to state a claim upon which relief can be granted. For the following reasons, the Court GRANTS Defendant's Motion without prejudice. [11].

## BACKGROUND

The following facts are set forth in Mecha's corrected Complaint ("Complaint"). (Dkt. 7). Mecha resides in Illinois and operates a successful management company at the Porte De L'eau Condo Association in Highland, Indiana. (Dkt. 7 at 6). His Complaint alleges that that Defendant Janice Gryfakis, who lives in Indiana, made a slew of false and defamatory statements, primarily about theft and sexual harassment which harmed Mecha in multiple ways. (*Id.*)

The string of statements began on April 20, 2026, when Gryfakis apparently called the Munster Community Hospital ICU and spoke with the head nurse, Teresa. (*Id.* at 6). In that

conversation, Gryfakis proclaimed that Mecha had "no authority to visit" and professed that Mecha stole from, and had made inappropriate advances towards, Gryfakis (Count I). (*Id.*) On May 22, 2026, Gryfakis uttered defamatory statements at Mecha's mother's wake, in which Gryfakis claimed that Mecha had stolen from, and sexually assaulted, her. (Count II) (*Id.*) The next day, Gryfakis apparently repeated the defamatory statements that she made at the wake to family members that were not at the wake. (Count III) (*Id.*) These statements, Mecha asserts, "slandered [his] name," "created false narratives[,]" and were made to prevent the ICU from seeing Mecha's mother. (*Id*. at 4, 6-7) The Complaint does not explain whether these statements prevented his mother from receiving care. (*See id.*)

On May 28, 2026, Gryfakis' remarks shifted from the family sphere to Mecha's workplace, when she allegedly contacted the Porte De L'eau Condominium Association's management company and claimed that Mecha stole "personal monies." (*Id*. at 6-7). Through these conversations, Gryfakis also declared that the individuals should not engage in business with Mecha.(Count IV) Also on May 28, 2026, Gryfakis allegedly made statements about theft and violence to neighbors of Mecha's Highland, Indiana, condominium — though the Complaint is not clear about whether Mecha owns or is employed by this condominium. (*Id*. at 7) In these statements, Gryfakis stated that Mecha was "unfit" to perform the Condo Association's duties, or, in the alternative, that he lacked sufficient integrity to perform these duties. (Count V); (*Id.*) Mecha claims that, as a result of these conversations, he has been prejudiced in his occupation, suffered harm to his reputation, and experienced "humiliation, shame, vilification, exposure to public infamy, and disgrace." (*Id.*) Mecha seeks $250,000 for each of Counts I-III and Count V, and $1,000,000 for Count IV. (*Id.*)

Gryfakis seeks dismissal of the complaint on four grounds: (1) lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1); (2) lack of personal jurisdiction under Rule 12(b)(2); (3) improper venue under 12(b)(3); and failure to state a claim upon which relief can be granted under Rule 12(b)(6). (Dkt. 11 at 1). For the reasons below, the Court dismisses the claim for lack of personal jurisdiction.

## LEGAL STANDARD

Dismissal is proper under Federal Rule of Civil Procedure 12(b)(2) if the Court lacks personal jurisdiction over Gryfakis. Mecha need not allege facts concerning personal jurisdiction in the Complaint, but "once the defendant moves to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction, the plaintiff bears the burden of demonstrating the existence of jurisdiction." *Curry v. Revolution Lab'ys LLC*, 949 F.3d 385, 392 (7th Cir. 2020) (internal citations omitted). When a court rules on a Rule 12(b)(2) motion based upon written submissions without holding an evidentiary hearing, the plaintiff need only establish a prima facie case of personal jurisdiction. *Curry*, 949 F.3d at 392-93; *GCIU-Employer Ret. Fund v. Goldfarb Corp.*, 565 F.3d 1018, 1023 (7th Cir. 2009).

A federal district court has personal jurisdiction over parties if "a court of the state in which it sits would have such jurisdiction." *RAR, Inc. v. Turner Diesel, Ltd.*, 107 F.3d 1272, 1275 (7th Cir. 1997); Fed. R. Civ. P. 4(k)(1)(A). Thus, the Court looks to the Illinois long-arm statute, which authorizes the exercise of personal jurisdiction up to the limits permitted under the Due Process Clause of the United States Constitution. 735 ILCS 5/2-209(c); *Bilek v. Fed. Ins. Co*., 8 F.4th 581, 590 (7th Cir. 2021). There are therefore two avenues through which the Court might have personal jurisdiction: general personal jurisdiction and specific personal jurisdiction. *Bristol-Myers Squibb Co. v. Superior Ct. of California, San Francisco Cnty.*, 582 U.S. 255, 262 (2017).

If the Court has general personal jurisdiction, it "may hear *any* claim against that defendant, even if all the incidents underlying the claim occurred in a different state." *Id.* General personal jurisdiction exists where a defendant is "domiciled or fairly regarded at home." *Fuld v. Palestine Liberation Org.*, 606 U.S. 1, 12 (2025) (internal citations omitted). For an individual, this is where he or she is domiciled. *Bristol-Myers Squibb Co.*, 582 U.S. at 262.

Specific personal jurisdiction, by contrast, allows a court to hear a case if the defendant does not live in that forum, so long as he or she had contacts with the forum and those contacts gave rise to the lawsuit. *Id.*; *Fuld*, 606 U.S. at 12. To establish minimum contacts, the defendant "must take some act by which it purposefully avails itself of the privilege of conducting activities within the forum State … [a]nd the plaintiff's claims … must derive from[] or be connected with those activities." *Fuld*, 606 U.S. at 13 (citing *Hanson v. Denckla*, 375 U.S. 235, 253 (1958); *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011)). A plaintiff must, therefore, establish three elements to show that a court has specific personal jurisdiction: "(1) the defendant must have purposefully availed himself of the privilege of conducting business in the forum state or purposefully directed his activities at the state," "(2) the alleged injury must have arisen from the defendant's forum-related activities," and "(3) the exercise of jurisdiction must comport with traditional notions of fair play and substantial justice[.]" *Felland v. Clifton*, 682 F.3d 655, 673 (7th Cir. 2012) (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985); *Int'l Shoe Co. v. State of Wash., Off. of Unemployment Comp. & Placement*, 326 U.S. 310, 316 (1945).

**DISCUSSION**

As a preliminary note, because Mecha is proceeding *pro se*, so long as the Court understands what he is attempting to say, it construes his filings liberally. *Korsunskiy v. Gonzales*, 461 F.3d 847, 850 (7th Cir. 2006). Personal jurisdiction is a threshold issue. If the Court lacks *in*

*personam* jurisdiction, it cannot adjudicate a case on the merits. *Sikhs for Just. v. Badal*, 736 F.3d 743, 751 (7th Cir. 2013). Gryfakis argues that the Court lacks personal jurisdiction over her because she lives in Indiana and has not "submitted" to jurisdiction in Illinois. (Dkt. 11 at 2). Mecha's response to Gryfakis' motion to dismiss fails to address her personal jurisdiction arguments. Despite this failure, the Court undertakes a personal jurisdiction analysis. Even construing Mecha's allegations liberally, the Court cannot find that he has shown that the Court has either general or specific personal jurisdiction over Gryfakis.

The Court does not have general personal jurisdiction over Gryfakis. According to both Mecha and Gryfakis, Gryfakis lives in Indiana. (Dkt. 7 at 3; Dkt. 11 at 2). Because there is no indication in any of the filings that Gryfakis lives in Illinois, she is not domiciled in this jurisdiction, so the Court lacks general personal jurisdiction.

The Court also lacks specific personal jurisdiction over Gryfakis; nothing in the Complaint claims that she has any contact with the state of Illinois. Mecha's defamation allegations fall into four categories: (1) defamatory statements Gryfakis made to neighbors and management of the condominium association where Mecha is employed; (2) conversations with Munster Community Hospital staff that prevented Mecha from visiting; (3) statements at Mecha's mother's wake; and (4) statements made after the wake to Mecha's family members. Although Mecha claims that Gryfakis engaged in these exchanges, the Complaint lacks information about *where* the alleged defamation occurred. Mecha has not claimed that any of these actions occurred within Illinois state boundaries, nor has he pointed to any other minimum contacts that Gryfakis has had with the state of Illinois. As to the statements relating to the condominium association: the condominium association Mecha works for is in Highland, Indiana. (Dkt. 7 at 6). Presumably, then, so are the neighbors. Regarding statements made to Nurse Teresa: Mecha has not identified where the

Munster Community Hospital sits, and the Court cannot assume that it is in Illinois. So too, with respect to the statements allegedly made at Mecha's mother's wake and the subsequent statements made to family members. Because the Court does not know where these statements were made, it cannot find that Gryfakis had sufficient minimum contacts to satisfy specific personal jurisdiction.

While it is true that "physical presence is not necessary for a defendant to have sufficient minimum contacts with a forum state[,]" there must be *some* contact with the forum state. *Curry*, 949 F.3d at 398. "The essential point of the inquiry is to ensure that an out-of-state defendant is not bound to appear to account for merely random, fortuitous, or attenuated contacts with the forum state." *Id*. (internal citations omitted). Here, though, the Court is unaware of *any* contact that Gryfakis had with the state of Illinois, let alone any contact giving rise to this lawsuit. Accordingly, the Court lacks personal jurisdiction and cannot consider the merits of this case.

**CONCLUSION**

The Court GRANTS Defendant's motion to dismiss. [11]. To the extent Mecha believes that he can cure the jurisdictional deficiencies in the current complaint, the Court dismisses his complaint without prejudice and grants Plaintiff 14 days to refile. Failure to refile will result in dismissal with prejudice.

Virginia M. Kendall
United States District Judge

Date: October 22, 2026